MORGAN v EVANS

Docket No. 94680. Submitted July 30, 1987, at Grand Rapids. Decided September 10, 1987. Leave to appeal applied for.

William Morgan was injured while being driven to National Guard training. Morgan was a passenger in a vehicle driven by Frank Winter which collided with a vehicle driven by Moses Evans. Morgan's hospitalization was paid by the Veterans Administration. Nine months later, Morgan was diagnosed as having a herniated disc in his back. Morgan had nonemergency surgery performed at a nonmilitary hospital. Morgan's subsequent request for reimbursement of his medical expenses for the disc surgery was denied by the Veterans Administration since Morgan had not received authorization for such surgery and there was no medical documentation indicating that the auto accident caused the herniated disc. Morgan thereafter brought an action in the Van Buren Circuit Court against Evans, Winter and Citizens Insurance Company of America, Morgan's no-fault insurer at the time of the auto accident. The trial court, Meyer Warshawsky, J., granted the defendant insurer's motion for summary disposition based on the offset provision of the no-fault insurance act, MCL 500.3109(1); MSA 24.13109(1). An order was thereafter entered dismissing Evans and Winter, pursuant to a settlement reached with those defendants, and granting final judgment in favor of Citizens. Plaintiff appeals from the order in regard to defendant Citizens only.

The Court of Appeals *held:*

A no-fault insurer may offset primary insurance benefits, pursuant to § 3109, except when the injured person fails to receive benefits through no fault of his own. Defendant insurer was entitled to subtract from insurance benefits otherwise payable the amount that would have been paid by the federal

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

What constitutes claim "under contract" of veterans' or servicemen's insurance within meaning of 38 USCS § 784(a), conferring jurisdiction on district courts to review such claims. 32 ALR Fed 784.

government if plaintiff had sought treatment at a military hospital.

Affirmed.

1. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — SETOFFS.

Medical care provided a member of the armed forces, injured in a motor vehicle accident, pursuant to 10 USC 1071 is a benefit provided under the laws of the federal government which is required to be subtracted from the personal protection insurance benefits otherwise payable to the injured person (10 USC 1071; MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — SETOFFS.

A no-fault insurer may offset primary insurance benefits pursuant to the no-fault insurance provision which states that benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury except when the injured person fails to receive benefits through no fault of his own (MCL 500.3109[1]; MSA 24.13109[1]).

*Sloan, Benefiel, Farrer, Newton & Glista* (by *Gary C. Newton*), for plaintiff.

*Lilly, Domeny, Durant, Byrne & Schanz, P.C.* (by *Joseph A. Byrne, Jr.*), for Citizens Insurance Company of America.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant Citizens Insurance Company of America summary disposition pursuant to MCR 2.116(C)(10).

The underlying dispute concerns the payment of no-fault insurance benefits. Plaintiff was injured while being driven to National Guard training.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant Citizens was plaintiff's no-fault insurer. Plaintiff's initial hospitalization was paid by the Veterans Administration. Approximately nine months later, plaintiff was diagnosed as having a herniated disc in his back and surgery was recommended. Plaintiff claims that he sought approval for the operation from his staff sergeant. According to plaintiff, his sergeant stated that the military would not pay for the surgery because it was considered an elective procedure. Nonetheless, plaintiff chose to have the surgery performed at a nonmilitary hospital at a cost of over $10,000. He subsequently requested reimbursement of his medical expenses from the military. Plaintiff's claim was denied for the following reasons:

> a.) Nonemergency medical care in a civilian treatment facility is not authorized without written or verbal authorization from the Chief, National Guard Bureau or his designee. There is no documentation included in this package that showed any authorization for care was asked for or granted.
>
> b.) There is no medical documentation indicating that the auto accident in January, 1984, was the cause of the soldier's herniated disk [sic] which was diagnosed nine months later in September, 1984.

Plaintiff then filed this action against the defendant insurer and others. Defendant insurer responded by claiming that it was not liable for plaintiff's medical expenses because of the setoff provision, § 3109, of the no-fault insurance act.[1] The trial court granted defendant insurer's motion for summary disposition, finding that plaintiff

---

[1] Plaintiff's complaint also alleged wage loss and replacement services expenses. The trial court's dismissal of these claims is not on appeal.

elected not to receive the benefits offered by the federal government.

MCL 500.3109(1); MSA 24.13109(1) provides:

Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

Medical care provided a member of the armed forces pursuant to 10 USC 1071 is a benefit provided under the laws of the federal government required to be subtracted from no-fault benefits otherwise payable to the injured person. *Crowley v DAIIE,* 428 Mich 270; 407 NW2d 372 (1987). See also *Dengler v State Farm Mutual Automobile Ins Co,* 135 Mich App 645; 354 NW2d 294 (1984); *Bagley v State Farm Mutual Automobile Ins Co,* 101 Mich App 733; 300 NW2d 322 (1980). The issue presented in this case is whether § 3109 requires an offset even though plaintiff did not receive any medical benefits from the military.

In *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634; 344 NW2d 773 (1984), our Supreme Court ruled that § 3109 does not authorize subtraction of unavailable workers' compensation benefits. In that case, workers' compensation benefits were unavailable to the plaintiffs because their employer failed to provide workers' compensation coverage. The Court concluded that any benefits that would have been payable pursuant to workers' compensation could not be subtracted from no-fault work loss benefits. However, the Court has also ruled that, when an injured party settles a claim with the primary insurer for less than the full benefit, the no-fault insurer is enti-

tled to offset the amount required to be paid rather than the settlement amount. *Gregory v Transamerica Ins Co,* 425 Mich 625, 634-636; 391 NW2d 312 (1986). In so ruling, the Court adopted the reasoning of the federal district court in *Moore v Travelers Ins Co,* 475 F Supp 891, 894-895 (ED Mich, 1979), that any other result

> would allow the Plaintiff to elect who, as between the no-fault and compensation carriers, to collect benefits from. This would disturb the legislatively established relative spheres of application of no-fault and compensation. Section 3109(1) clearly contemplates that the no-fault carrier should be liable only for the excess of its coverage over and above that potentially provided by the compensation carriers.

We interpret the foregoing Supreme Court decisions as indicating that a no-fault insurer may offset primary insurance benefits except when injured persons fail to receive benefits through no fault of their own. In this case, plaintiff might have been entitled to medical benefits provided by the military if he had received treatment at a Veterans Administration hospital. Instead, he chose to have nonemergency surgery performed at a nonmilitary hospital. Under the circumstances of this case, we agree with the trial court that defendant insurer was entitled to subtract from insurance benefits otherwise payable the amount that would have been paid by the federal government if plaintiff had sought treatment at a military hospital. Recovery from defendant insurer in this case would defeat the purpose of the setoff provision by allowing plaintiff to choose which insurance would pay for his medical treatment.

The decision of the trial court is affirmed.