MOGHIS v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 108313. Submitted June 12, 1990, at Lansing. Decided October 18, 1990; approved for publication January 29, 1991, at 9:10 A.M.

Denise Moghis brought an action in the Washtenaw Circuit Court against Citizens Insurance Company of America, seeking to compel payment of no-fault benefits for work loss and for past and future expenses incurred for care following injury in an automobile accident. The court, Patrick J. Conlin, J., entered a judgment following a jury verdict awarding the plaintiff damages for work loss and for past and future expenses. The trial court denied the defendant's motion for a judgment notwithstanding the verdict or for a new trial. The defendant appealed.

The Court of Appeals *held:*

1. Under § 3107 of the no-fault act, MCL 500.3107; MSA 24.13107, personal protection insurance benefits are payable for allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation. In this case, there was insufficient evidence to support a conclusion by the jury that the plaintiff incurred past expenses of $280,000 for care by a nurse's aide. Accordingly, the award of damages must be reduced by $280,000.

2. There was sufficient evidence to support the jury's finding that services provided to the plaintiff by Rainbow Tree Center at a cost of $4,000 per month were reasonably necessary for her medical care. However, the trial court's judgment, which ordered payment of $4,000 per month to the plaintiff for future expenses without regard to whether the expenses actually will be incurred, must be modified on remand to require payment by the defendant only upon documentation of actual expenses.

3. Section 3107 provides that personal protection insurance benefits are payable for work loss consisting of loss of income from work an injured person would have performed during the first three years following an accident. Because work-loss benefits are not subject to income tax, § 3107 requires that amounts paid be reduced by fifteen percent. In this case, the jury's $25,000 award is supported by evidence indicating that the plaintiff lost wages and profits from a company she owned

jointly with her ex-husband, but must be reduced by fifteen percent.

4. Neither the trial court's instruction of the jury nor its provision of a calculator to the jury for use in its deliberations was error requiring reversal.

Affirmed in part, reversed in part, and remanded.

*Logeman & Connors, P.C.* (by *Timothy P. Connors* and *Robert E. Logeman*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Rosalind H. Rochkind*), for the defendant.

Before: WAHLS, P.J., and GILLIS and JANSEN, JJ.

PER CURIAM. Plaintiff suffered closed head injuries in an automobile accident. Although defendant paid many of plaintifff's expenses, it disputed others, resulting in the instant action to compel payment of some past expenses and for a declaratory judgment regarding future expenses. After a jury trial in December 1987, judgment was rendered on the verdict, and defendant's posttrial motion for a judgment notwithstanding the verdict or for a new trial was denied. Defendant appeals as of right, alleging that there was insufficient evidence of past expenses and work loss, that the jury improperly awarded future expenses and payment for services gratuitously supplied by friends, and that the trial court erred in instructing the jury and in supplying the jury with a calculator. We hold that plaintiff was improperly awarded compensation for services which were not incurred, and thus reduce the judgment against defendant by $280,000. We also modify the award of future expenses to allow the trial court to retain jurisdiction over future expenses in order to ensure payment only after the expenses have actually been incurred. Further, we reduce the jury's

award of $25,000 for work loss to $21,216 to comport with the proofs presented at trial. We affirm the jury verdict with regard to the remaining allegations of error.

First, defendant alleges that the jury award of $280,000 for past care by an aide was not incurred by plaintiff and, therefore, is not recoverable under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* We agree. MCL 500.3107; MSA 24.13107 provides that personal protection insurance benefits are payable for allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation. The three requirements under this provision are that (1) the expense must have been incurred, (2) the expense must have been for a product, service, or accommodation reasonably necessary for the injured person's care, recovery, or rehabilitation, and (3) the amount of the expense must have been reasonable. *Manley v DAIIE,* 127 Mich App 444; 339 NW2d 205 (1983), rev'd on other grounds 425 Mich 140; 388 NW2d 216 (1986). Defendant is not obliged to pay any amount except upon submission of evidence that services were actually rendered and of the actual cost expended. *Manley,* 425 Mich 159. We find that there is insufficient evidence to support a conclusion by a jury that plaintiff incurred expenses for care by an aide in the past. Although there was testimony indicating that plaintiff needed some sort of care by an aide, there is no evidence that this care was actually provided to plaintiff. Plaintiff received some help from friends with whom she lived. However, the extent of any aid to plaintiff was not sufficiently established to support a finding that plaintiff incurred semidependent care by an aide in the past.

Second, defendant alleges that there was insufficient evidence to support the jury verdict that the services claimed by plaintiff were reasonably necessary for the plaintiff's recovery or rehabilitation. Viewing the evidence in a light most favorable to the plaintiff, we find that a reasonable person could find that the services claimed were medically necessary. There was sufficient evidence to support the jury verdict that care, such as that provided by Rainbow Tree Center which charged approximately $4,000 per month, was reasonably necessary. The question was properly left to the trier of fact. *Boggerty v Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987).

Third, defendant alleges that the jury's determination of future expenses for care by an aide was improper and that the trial court erred in entering a judgment ordering the insurer to pay $4,000 per month directly to the insured. Our Supreme Court in *Manley, supra,* upheld a judgment entered on a jury verdict for future expenses. The *Manley* Court held that the jury's verdict concerning the reasonable cost of services is a valid basis for a judgment on the verdict for future expenses. The *Manley* Court noted that, upon a showing of substantial change in the facts and circumstances, both parties are entitled to a redetermination from time to time of the amounts properly allowable for services. The *Manley* Court further noted:

> Until there is a determination by the Court of Appeals in another case or by this Court of the question whether the cost of providing food, shelter, utilities, clothing, and other maintenance at home is an "allowable expense" where the injured person, if not at home, could properly be placed in an institution because he cannot care for himself, or there is some other substantial change in the facts and circumstances, the jury's verdict estab-

lishing the need and the reasonable cost of providing room and board precludes relitigation of the factual or legal issues disputed and decided in this lawsuit, except, again, that insofar as nurse's aides are concerned [defendant] is not obliged to pay any amount except upon submission of evidence that services were actually rendered and of the actual cost expended. [425 Mich 159.]

Thus, we modify the judgment to provide for payment upon documentation of expenses for care by an aide up to $4,000 per month until modified by the trial court.

Fourth, defendant claims that the jury's verdict regarding plaintiff's work-loss claim was against the great weight of the evidence and that the trial court erred in denying defendant's motion. We affirm the jury's finding of a work loss, but reduce the amount from $25,000 to $21,216. MCL 500.3107; MSA 24.13107 provides that personal protection insurance benefits are payable for work loss consisting of loss of income from work an injured person would have performed during the first three years after the date of the accident had that person not been injured. Section 3107 reduces the amount of the claim by fifteen percent to account for taxes and limits the amount of recovery to $1,000 per thirty-day period. Although plaintiff was rather vague regarding her income at Amatron, a company owned by plaintiff and her ex-husband, she eventually affirmed that she had answered an interrogatory to the effect that she had earned $4 per hour and worked thirty to forty hours per week. On the basis of this testimony, we find that the trial court did not err in denying defendant's motion for summary disposition under either MCR 2.116(C)(10) or (C)(8). We find that a genuine issue of material fact existed to create a question for the jury. *Dumas v Automobile Club*

*Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). Likewise, the trial court did not err in denying defendant's motion for a directed verdict. The evidence establishes a prima facie case of wage loss. *Michigan Mutual Ins Co v CNA Ins Cos,* 181 Mich App 376, 389; 448 NW2d 854 (1989).

Defendant also claims that the trial court erred in failing to grant its motion for a judgment notwithstanding the verdict or for a new trial with regard to plaintiff's wage-loss claim. Specifically, defendant objects to the trial court's determination that the jury could award work-loss benefits on the basis of loss of potential profit. Work loss includes not only lost wages, but lost profit which is attributable to personal effort and self-employment. *Coates v Michigan Mutual Ins Co,* 105 Mich App 290, 295; 306 NW2d 484 (1981). However, the work loss must be income lost because of the personal injury. *Id.* Plaintiff's position as a joint worker with her husband created the potential for lost income even where plaintiff did not receive an hourly wage. We find that the trial court did not err in finding that the plaintiff potentially lost income resulting from the share in profits attributable to personal effort in self-employment. With regard to defendant's claim that the amount of the judgment was against the great weight of the evidence, we defer to the trial court and its unique qualification to judge the credibility of the witnesses in denying defendant's motion for judgment notwithstanding the verdict or a new trial. *Troyanowski v Village of Kent City,* 175 Mich App 217, 223; 437 NW2d 266 (1988). However, we are convinced that the amount awarded should be reduced by fifteen percent as required by statute. The proofs presented at trial indicate that plaintiff was paid, at most, $4 per hour for forty hours per week, creating a total of $24,960 for three years.

This figure comports with the jury verdict. However, this amount must be reduced by fifteen percent as required under MCL 500.3107; MSA 24.13107. Thus, we reduce the amount of the judgment to $21,216.

Finally, defendant alleges that the trial court erred in instructing the jury and providing the jury with a calculator. With regard to the jury instructions, defendant alleges that the trial court erred in presenting plaintiff's theory of the case as if it were the opinion of the court. We disagree. Defendant's failure to make a timely and specific objection to the jury instructions precludes appellate review unless manifest injustice would result. *Janda v Detroit,* 175 Mich App 120; 437 NW2d 326 (1989). We conclude that manifest injustice would not result. The instructions, when viewed in their entirety, clearly stated the claims of the parties and the applicable law. Further, instructional error does not require reversal unless the results of a jury verdict are inconsistent with substantial justice. *Callesen v Grand Trunk W R Co,* 175 Mich App 252, 263; 437 NW2d 372 (1989). Reversal is not required.

Likewise, the trial court did not err in giving the jury a calculator so as to require reversal. We find that any error was harmless beyond a reasonable doubt. Any possible inferences to be drawn from allowing the jury to use a calculator were minimal and do not require reversal.

In sum, we find that the trial court erred in failing to direct a verdict for defendant regarding compensation for services which were not provided to plaintiff. Thus, the judgment shall be reduced by $280,000. We find that the trial court properly entered a judgment with regard to the allowable future expenses determined by the jury, except to the extent that the trial court's judgment requires

payment without regard to whether the expenses are actually incurred. We modify the judgment with respect to future expenses to allow the trial court to retain jurisdiction over future expenses and to require documentation of actual expenses. We find that the trial court did not err in allowing the issue of work loss to be addressed by the jury. However, the jury award should be reduced from $25,000 to $21,216. The alleged errors in instructing the jury and in allowing the jury to use a calculator do not merit reversal.

Affirmed in part, reversed in part, and remanded for entry of a judgment consistent with our opinion. We do not retain jurisdiction.