REED v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 131247. Submitted December 3, 1992, at Lansing. Decided March 1, 1993, at 10:00 A.M. Leave to appeal sought.

Rosemary Reed, as guardian of the person and conservator of the estate of her son, Steven Troy, a legally incapacitated person, brought an action in the Clinton Circuit Court against Citizens Insurance Company of America, seeking no-fault benefits for injuries received by Steven in the automobile accident that left him unable to care for himself. A proposed agreement was reached that would have settled most of the disputed claims. The plaintiff signed a copy of the agreement and sent a facsimile to her attorney, who presented it to the trial court, Randy L. Tahvonen, J., during a pretrial conference. At the conference, counsel for both parties expressed satisfaction with the agreement. The only issue remaining concerned the plaintiff's claim, which had not been pleaded at that time, for room and board expenses for Steven even though he resided at home. At a hearing held for the purpose of formally placing the settlement agreement on the record, the plaintiff stated she was no longer satisfied with the agreement and declined the defendant's tender of the settlement amount. The court reserved judgment regarding the enforceability of the agreement. The plaintiff moved to file a second amended complaint to include a claim for room and board provided at home. The court denied the motion, finding that the amended complaint failed to state a claim upon which relief could be granted. The court ruled that an injured person's room and board expenses in a noninstitutional setting are not recoverable under the no-fault act because such expenses would have been incurred regardless of the injury. The defendant was granted specific performance of the settlement agreement. The plaintiff appealed.

The Court of Appeals *held*:

1. The settlement agreement was enforceable. The terms in

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340, 357 *et seq.*; Contracts §§ 18, 66, 138, 404; Specific Performance §§ 13, 21 *et seq.*, 99.

See ALR Index under Automobile Collission Insurance; Contracts; Specific Performance.

the agreement alleged by the plaintiff to be conditions precedent that had not occurred are in fact the rights and duties of the parties and do not limit performance. The record is clear that the plaintiff accepted the agreement. Consideration was present on both sides of the agreement and mutual assent was shown. The trial court properly granted specific performance of the agreement.

2. The trial court erred in denying the motion to file a second amended complaint. Room and board, admittedly an allowable expense pursuant to MCL 500.3107(1)(a); MSA 24.13107(1)(a) where an insured's injuries require institutionalization, is also an allowable expense when an insured who could be institutionalized is cared for at home by family members. The reasonableness of the expenses incurred may be judged by comparison with rates charged by institutions. The proposed second amended complaint stated a claim upon which relief could be granted. The order denying leave to amend must be reversed and the case remanded to allow the plaintiff to renew her motion.

Affirmed in part, reversed in part, and remanded.

1. CONTRACTS — LAWSUITS — SETTLEMENT AGREEMENTS.

An agreement to settle a lawsuit is a contract that is subject to the legal principles generally applied to contracts; once the agreement has been entered into, a unilateral change of mind is not a ground for excusing performance.

2. CONTRACTS — MUTUALITY OF OBLIGATION — MUTUALITY OF ASSENT.

Mutuality of obligation means that both parties to an agreement are bound to perform or neither is bound to perform; mutuality of assent means that there must be mutual assent regarding all essential terms of a contract, and that the parties' assent is manifested in some objective form.

3. INSURANCE — NO-FAULT — ALLOWABLE EXPENSES — ROOM AND BOARD.

Where a person injured in an automobile accident is unable to provide self-care and otherwise would be institutionalized if a family member were unwilling to provide home care, a no-fault insurer liable for the cost of maintenance in the institutional setting is liable for the cost of maintenance or room and board in the family member's home (MCL 500.3107[1][a]; MSA 24.13107[1][a]).

*Vandeveer Garzia* (by *Randall J. Gillary*), for the plaintiff.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for the defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and D. A. ROBERSON,* JJ.

MURPHY, J. In this action for no-fault insurance benefits, plaintiff appeals as of right the orders of the Clinton Circuit Court that granted defendant's motion for specific performance of a settlement agreement and denied plaintiff leave to file a second amended complaint. We affirm in part, reverse in part, and remand the case for further proceedings.

I

Steven Troy was severely injured in an automobile accident on July 6, 1984, and left unable to care for himself. Steven resided in several different treatment facilities for the next 2½ years before he moved into a house purchased by plaintiff, his mother, in trust for him.[1] Defendant has paid personal injury protection benefits for numerous expenses sustained by plaintiff, including the cost of the twenty-four-hour nursing care Steven requires.

Plaintiff filed a complaint against defendant for damages and a first amended complaint for damages on February 3 and March 17, 1988, respectively, alleging that defendant had failed to pay certain expenses due plaintiff under the insurance policy and the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* After several months of negotiation, a proposed agreement was reached

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] The parties dispute the nature of Steven's and plaintiff's ownership interests in the house.

that would have settled the bulk of the disputed claims. Plaintiff signed a copy of the settlement agreement and sent a facsimile to her attorney, who presented it to the trial court during a pretrial conference on September 22, 1989. At the conference, counsel for both parties expressed their satisfaction with the agreement. The only issue remaining concerned plaintiff's claim, not yet pleaded, for "room and board" expenses for Steven. The trial court issued an order on September 25, 1989, that noted the settlement agreement, directed how the parties were to proceed with regard to the remaining issue, and closed "If either attorney believes any provisions of this order should be modified, they are requested to so advise the Court and opposing counsel within seven days after receiving this order."

A hearing was held on October 20, 1989, for the purpose of formally placing the settlement agreement on the record. At the hearing, plaintiff indicated that she was no longer satisfied with its provisions and declined defendant's tender of the settlement amount. The trial court reserved its judgment regarding the enforceability of the agreement.

Plaintiff thereafter moved for leave to file a second amended complaint that included a claim for room and board. The trial court denied leave, holding that an injured person's daily living expenses or room and board are not recoverable under MCL 500.3107; MSA 24.13107, because such expenses would have been incurred regardless of the injury sustained. Thus, leave was denied because the proposed amended complaint had failed to state a claim upon which relief could be granted. Defendant was granted specific performance of the settlement agreement.

II

On appeal, plaintiff claims that the settlement agreement is unenforceable for a number of reasons. We disagree.

An agreement to settle a lawsuit is a contract that is subject to the legal principles generally applied to contracts. *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich App 104, 109; 343 NW2d 249 (1983); *Mastaw v Naiukow,* 105 Mich App 25, 28-29; 306 NW2d 378 (1981). Once a contract to settle legal claims has been entered into, a unilateral change of mind is not a ground for excusing performance. *Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984).

A

Plaintiff argues that the agreement is not enforceable because it contains four conditions precedent that have not occurred. A "condition precedent" is a fact or event that the parties intend must take place before there is a right to performance. *Knox v Knox,* 337 Mich 109, 118; 59 NW2d 108 (1953); *Culver v Castro,* 126 Mich App 824, 827; 338 NW2d 232 (1983). A condition precedent is distinguished from a promise in that it creates no right or duty in and of itself, but is merely a limiting or modifying factor. *Knox, supra.* Courts are not inclined to construe stipulations of a contract as conditions precedent unless compelled by the language of the contract. *MacDonald v Perry,* 342 Mich 578, 586; 70 NW2d 721 (1955); *Vergote v K mart Corp (After Remand),* 158 Mich App 96, 107; 404 NW2d 711 (1987).

According to plaintiff, the following four terms in the settlement agreement are conditions precedent: (1) plaintiff will create a record showing a

release of the claims resolved by the agreement; (2) plaintiff will dismiss pending litigation that is resolved by the agreement; (3) both parties will agree that the settled issues will not be raised in a future dispute; and (4) plaintiff will coordinate with defendant's medical manager any planned treatment changes that will be submitted to defendant for payment. These terms are not conditions precedent, rather, they are either rights or duties of the parties and do not limit performance. In particular, we note that the latter two "conditions" are perpetual.

B

Plaintiff also claims that no agreement was ever reached because her offer was withdrawn before defendant accepted. To the contrary, the record is clear that plaintiff accepted an offer made by defendant. Plaintiff executed a copy of the proposed agreement that defendant had sent to her. The agreement was then presented to the trial court as a binding agreement. This argument is without merit. Moreover, the agreement is in writing and signed by the party against whom enforcement is sought. MCR 2.507(H).

C

Finally, plaintiff claims that the agreement is void because it lacks mutuality of obligation and mutuality of assent. Plaintiff does not clearly distinguish between these two terms, but premises her argument on the erroneous assumption that she, not defendant, had made an offer that was revoked before defendant could accept. According to plaintiff, "[s]ince no representative of Defendant ever executed the document, Plaintiff would not

have a claim against Defendant for specific performance."

Besides being based on an erroneous assumption, this argument confuses "mutuality of obligation" with "mutuality of remedy." See *Domas v Rossi,* 52 Mich App 311, 315; 217 NW2d 75 (1974). "Mutuality of obligation" means that both parties to an agreement are bound or neither is bound, that is, mutuality is not present where one party is bound to perform, but not the other. *Id.; Jaye v Tobin,* 42 Mich App 756, 760; 202 NW2d 712 (1972). "By 'mutuality of obligation' is apparently meant that there must be consideration, without which there is no obligation on either party because there is no binding contract." *Domas, supra,* quoting 71 Am Jur 2d, Specific Performance, § 21, 37.[2] "Mutuality of assent" means no more than that there must be mutual assent on all essential terms of a contract, and that the parties' assent is manifested in some objective form. 17A Am Jur 2d, Contracts, § 26, 53-55. In this case, consideration is present on both sides of the agreement, and mutual assent is shown by the offer sent to plaintiff that she signed and returned. A contract that bound both parties was formed. Plaintiff's arguments are not persuasive.

The order granting defendant's motion for specific performance of the settlement agreement is affirmed.

### III

We agree with plaintiff, however, that the trial court erred in not granting plaintiff leave to file a second amended complaint seeking reimbursement

---

[2] See also 1 Restatement Contracts, 2d, § 79(c), 200 (if the requirement of consideration is met, there is no additional requirement of mutuality of obligation prerequisite to the formation of a contract).

for "room and board."[3] The grant or denial of leave to amend is reviewed for an abuse of discretion. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). In the present case, the trial court denied leave because it believed that the proposed amendment did not state a claim upon which relief could be granted. Our review of this question is therefore more akin to that given the grant or denial of a motion for summary disposition brought pursuant to MCR 2.116(C)(8).

The question before us is whether under MCL 500.3107(1)(a); MSA 24.13107(1)(a) room and board, admittedly an "allowable expense" where an insured's injuries require that he reside in an institution, is also an allowable expense when the insured who could be institutionalized is cared for at home. We hold that it is.

MCL 500.3107(1)(a); MSA 24.13107(1)(a) defines "allowable expense":

> Except as provided in subsection (2), personal protection insurance benefits are payable for the following:
> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an in-

---

[3] Plaintiff's proposed second amended complaint alleged, in pertinent part:

14. The following products, services and accommodations are reasonably necessary for Steven Troy's care, recovery or rehabilitation:

(a) The accommodations being provided by the Plaintiff at the home in Corpus Christi;

* * *

15. The following products, services and accommodations have been incurred for Steven Troy's care, recovery and rehabilitation.

(a) Reasonable accommodation expenses from December 15, 1986 through the date of trial . . . .

jured person's care, recovery, or rehabilitation. Allowable expenses within personal protection insurance coverage shall not include charges for a hospital room in excess of a reasonable and customary charge for semiprivate accommodations except if the injured person requires special or intensive care, or for funeral and burial expenses in the amount set forth in the policy which shall not be less than $1,750.00 or more than $5,000.00.

In *Manley v DAIIE*, 127 Mich App 444; 339 NW2d 205 (1983), a jury found the defendant insurer liable for, among other things, $30 a day for room and board for the severely injured insured, who was cared for at home by family members. This Court held that "[p]roducts, services, or accommodations which are as necessary for an uninjured person as for an injured person are not 'allowable expenses.'" *Id.,* 454. This Court then stated, however, that food obtained at an institution is ordinarily an allowable expense because an institutionalized person must obtain food from the institution and the cost represents an extraordinary expense not analogous to obtaining food at home. *Id.* The award of room and board was reversed on the ground that it did not distinguish between room and board and all the other products, services, and accommodations provided daily by an institution. Our Supreme Court, however, reversed that portion of this Court's opinion because the issue had not been raised by the parties. 425 Mich 140, 152-153; 388 NW2d 216 (1986). The judgment was reinstated. *Id.,* 161.

The no-fault act is remedial in nature and must be liberally construed in favor of persons intended to benefit thereby. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 61; 404 NW2d 199 (1987). To this end, it has been held that, under MCL 500.3107(a); MSA 24.13107(a) [which now is MCL 500.3107(1)

(a); MSA 24.13107(1)(a)], family members may be compensated for the services they provide at home to an injured person in need of care. See *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171, 178-181; 318 NW2d 679 (1982); *Visconti v DAIIE,* 90 Mich App 477; 282 NW2d 360 (1979).

We see no compelling reason not to afford the same compensation under the act to family members who provide room and board. Subsection 1(a) does not distinguish between accommodations provided by family members and accommodations provided by institutions, and we decline to read such a distinction into the act. Moreover, holding that accommodations provided by family members is an "allowable expense" is in accord with the policy of this state. See *Sharp v Preferred Risk Mutual Ins Co,* 142 Mich App 499, 511-512; 370 NW2d 619 (1985); *Manley,* 425 Mich 168-169 (BOYLE, J., concurring in part and dissenting in part); *Van Marter, supra,* 181. Denying compensation for family-provided accommodations while allowing compensation in an institutional setting would discourage home care that is generally, we believe, less costly than institutional care. Irrespective of cost considerations, it can be stated without hesitation that home care is more personal than that given in a clinical setting. In response to defendant's protestations that our holding provides "a payment to [Steven] to live in his own home," we are not, because of the present posture of this case, in a position to decide whether ownership of the home is relevant. Rather, we will consider the allegations in plaintiff's proposed second amended complaint to be true, i.e., that plaintiff has provided Steven with accommodations. We also note that the ownership of the home is a disputed fact.

We hold that, where an injured person is unable to care for himself and would be institutionalized were a family member not willing to provide home care, a no-fault insurer is liable to pay the cost of maintenance in the home. We disagree with the rule stated in this Court's opinion in *Manley* that expenses that are as necessary for uninjured persons as they are for injured persons are not allowable expenses. Rather, we agree with Justice BOYLE's opinion in *Manley* that the rule is unwieldy and unworkable. "Where a person who normally would require institutional treatment is cared for at home in a quasi-institutional setting made possible by the love and dedication of the injured victim's family, the test for 'allowable expenses' should not differ from that set out in MCL 500.3107(a); MSA 24.13107(a)." *Manley,* 425 Mich 169 (BOYLE, J., concurring in part and dissenting in part). See also *Sharp, supra,* 511-512 (*Manley* rule not absolute; insurer liable for full expense of postinjury apartment rental). The injured victim and the victim's family should be able to make the decision regarding where the victim's care occurs, rather than the no-fault insurer. This can be accomplished without placing an unreasonable economic burden on the no-fault insurer. The reasonableness of the expenses incurred may be judged by comparison with rates charged by institutions. *Sharp, supra,* 514; *Manley,* 127 Mich App 455. Issues relating to the reasonableness of the charges or reasonableness of the accommodations under MCL 500.3107(1)(a); MSA 24.13107(1)(a), if disputed, should appropriately be resolved by the trier of fact.

Plaintiff's proposed second amended complaint stated a claim upon which relief could be granted. Hence, the trial court's basis for refusing to grant

leave to amend was erroneous.[4] We therefore reverse the order that denied plaintiff leave to amend her complaint and remand the case so that plaintiff may renew her motion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] Given the prior amount of uncertainty in this area of the law, the trial court cannot be criticized for its error.