*541 WEAVER, J.
(dissenting). I dissent from the majority’s holding that food expenses for plaintiffs incapacitated husband are not “allowable expenses” for which plaintiff should be paid under MCL 500.3107(l)(a). Rather, consistently with Justice Boyle’s concurrence in Manley v Detroit Automobile Inter-Ins Exchange,[1] and with the Court of Appeals opinion in Reed v Citizens Ins Co of America,[2] I would conclude that the reasonable charges incurred for plaintiffs husband’s food while he is cared for at home are recoverable as “allowable expenses” under the statute. Therefore, I would affirm the Court of Appeals decision in this case.
Under the statute, “allowable expenses” consist of
all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person’s care, recovery, or rehabilitation. [MCL 500.3107(l)(a).]
With this language, the Legislature provided a fairly broad definition of “allowable expenses” to encompass all the things that might reasonably be needed for an injured person’s care, recovery, or rehabilitation. As Justice KELLY notes in her dissent, “[i]t is difficult to deny that food is a product reasonably necessary for the care of an invalid, however narrowly ‘care’ is defined. Without nourishment, an injured person could not be restored to health and could not properly be cared for.” Post at 548. And, as stated by Justice Boyle, there is
no principled basis for deciding that food provided to [the plaintiffs husband] at home is not as much an “allowable expense” as the food provided in a licensed medical care facility. Where a person who normally would require insti *542 tutional treatment is cared for at home in a quasi-institutional setting made possible by the love and dedication of the injured victim’s family, the test for “allowable expenses” should not differ from that set out in MCL 500.3107(a). [Manley, supra at 168-169 (citations omitted).]
Therefore, it is reasonable to conclude that the cost of plaintiffs husband’s food is recoverable as “allowable expenses” under the no-fault act, and I would affirm the Court of Appeals decision.

 425 Mich 140, 168-169; 388 NW2d 216 (1986) (Boyle, J., concurring in part and dissenting in part).

 198 Mich App 443, 452-453; 499 NW2d 22 (1993).