ROSE v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 262606. Submitted November 14, 2006, at Detroit. Decided
December 19, 2006. Approved for publication February 15, 2007,
at 9:05 a.m.

Dinah Rose brought an action in the Washtenaw Circuit Court
against State Farm Mutual Automobile Insurance Company, Titan
Insurance Company, and Farmers Insurance Exchange to recover
no-fault personal protection insurance benefits for injuries she
suffered in three separate car accidents. The trial court, Timothy
P. Connors, J., entered judgment on the jury's award, as well as a
declaratory judgment that the plaintiff was entitled to future
treatment; however, the jury was not instructed to specify which
future benefits are reasonable and necessary. State Farm appealed,
and Titan and Farmers cross-appealed, the declaratory judgment.

The Court of Appeals *held*:

The trial court violated the no-fault act, MCL 500.3101 *et seq.*,
by submitting the issue of the plaintiff's future benefits to the jury
without requiring the jury to specify which future benefits are
reasonable and necessary.

Reversed and remanded for further proceedings.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — ALLOWABLE
EXPENSES — JURY DETERMINATION.

A trial court may not submit to a jury the issue whether to award a
plaintiff future no-fault personal protection insurance benefits
without instructing the jury to determine whether the benefits are
reasonable and necessary (MCL 500.3107).

*Logeman, Iafrate & Pollard, P.C.* (by *Robert E. Logeman and James A. Iafrate*) for Dinah Rose.

*Moblo & Fleming, P.C.* (by *Cheryl L. Ronk* and *Andrew D. Sugerman*), for State Farm Mutual Automobile Insurance Company.

*Law Offices of Ronald M. Sangster, PLLC* (by *Ronald M. Sangster, Jr.*), for Titan Insurance Company.

*Cory & Associates* (by *Patrick W. Bennett*), for Farmers Insurance Exchange.

Before: WHITBECK, C.J., and SAAD and SCHUETTE, JJ.

PER CURIAM. Defendants, State Farm Mutual Automobile Insurance Company (State Farm), Titan Insurance Company (Titan), and Farmers Insurance Exchange (Farmers), appeal as of right a declaratory judgment allowing for future personal protection insurance (PIP) benefits for plaintiff, Dinah Rose. We reverse and remand for a new trial on the issue of future benefits. On remand, in accordance with *Manley v Detroit Automobile Inter-Ins Exch*, 425 Mich 140; 388 NW2d 216 (1986), the jury must specifically determine what future benefits are reasonable and necessary given the facts and circumstances of the case.

## I. FACTS

This first-party no-fault case arises out of three motor-vehicle accidents involving plaintiff that occurred between 1982 and 2001. Plaintiff was involved in the first motor-vehicle accident on February 9, 1982. State Farm was the no-fault insurer. Plaintiff reported a loss of consciousness at the scene, and she suffered multiple contusions and abrasions on the left side of her face, hemarthosis of the right knee, and a comminuted fracture of her left ulna. Plaintiff was involved in a second motor-vehicle accident on June 3, 1995, and Titan was the no-fault insurer. After this accident, plaintiff was diagnosed with a closed head injury. Plaintiff was involved in a third motor-vehicle accident on April 4, 2001, and Farmers was the no-fault insurer.

Plaintiff was not evaluated at the hospital following this accident, but rather was driven home in the vehicle.

At trial, plaintiff had numerous physicians and neuropsychologists—represented by the various parties —testify that she suffered a closed head injury in one or more of the accidents in which she was involved. The jury concluded that plaintiff sustained a closed head injury in the accidents, and it awarded her $132,341.66 of the $613,000 that she was seeking for past expenses incurred. This reduced award was first attributable to the jury deciding that plaintiff was not owed interest on the payment of expenses that she was due. The jury then decided that one-third of plaintiff's complications were attributable to the accident, one-third were attributable to substance abuse, and one-third were attributable to psychiatric or emotional instability.

The trial court entered a judgment on the jury award and for declaratory relief, which reads, in pertinent part, as follows:

> IT IS HEREBY ORDERED AND ADJUDGED as follows:
>
> * * *
>
> 3. The jury further awards, by declaratory judgment relief, finding in favor of the Plaintiff, that DINAH ROSE is entitled to treatment in the future for care related to the automobile accidents to be overseen by the trial court.
>
> IT IS FURTHER ORDERED AND ADJUDGED:
>
> That a judgment in favor of Plaintiff on declaratory relief is hereby entered and that Plaintiff is entitled to future treatment for care related to the automobile accidents, in particular, closed head injury and related sequella to be overseen by this Court with continuing jurisdiction until there is [a] substantial change in condition necessitating a new trial on some future issue.

Defendants now appeal this declaratory judgment.

## II. STANDARD OF REVIEW

This Court reviews de novo the proper interpretation of a statute. *Hamade v Sunoco, Inc (R & M)*, 271 Mich App 145, 153; 721 NW2d 233 (2006). We also review de novo claims of instructional error. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000).

## III. ANALYSIS

Defendants argue that the trial court violated the no-fault act, MCL 500.3101 *et seq.*, by submitting the issue of future benefits to the jury without requiring it to specify what benefits were reasonable and necessary. We agree.

The power to grant declaratory relief is established by court rule. MCR 2.605(A)(1) provides: "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

The purpose of a declaratory judgment is to enable the parties to obtain adjudication of rights before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract, or to avoid multiplicity of actions by affording a remedy for declaring in expedient action the rights and obligations of all litigants. *Skiera v Nat'l Indemnity Co*, 165 Mich App 184, 189; 418 NW2d 424 (1987). Our Supreme Court has previously approved of declaratory relief for future expenses in a no-fault action. *Manley, supra* at 149-150. However, under the no-fault act, an insurance company is only liable to pay for reasonable costs

incurred as a result of a motor-vehicle accident. MCL 500.3107(1)(a).[1]

In *Manley*, a declaratory judgment was entered requiring the no-fault insurer to pay for room and board and attendant-care services in the future, at a specified rate. This Court reversed this portion of the judgment because the declaration regarding future benefits was " 'without regard to whether such expenses were actually incurred.' " *Manley, supra* at 148, quoting *Manley v Detroit Automobile Inter-Ins Exch,* 127 Mich App 444, 451; 339 NW2d 205 (1983), rev'd 425 Mich 140 (1986). Our Supreme Court reinstated this portion of the declaratory judgment, but modified it to provide that no-fault insurers would not be charged for payment until they had the bills to substantiate the charges. *Id.* at 149-150. This ruling by our Supreme Court is in accord with the portion of the no-fault act that states that the charges must be "incurred." It does not preclude the possibility of awarding future benefits payments, but rather allows insurers to be free from the responsibility to make payments until the charges have actually been incurred.

Our Supreme Court in *Manley* also noted that a grant for future benefits is appropriate as long as the court makes a specific determination regarding the reasonable costs for necessary services. In *Manley*, the jury decided that the cost of nurse's aides may be more or less than $128 a day and that $30 a day should be paid for room and board. *Id.* at 158. *Manley* also allowed for a right of "redetermination" of future expenses that

---

[1]  MCL 500.3107 reads, in part:

(1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:

(a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.

have already been determined as reasonable and necessary. The right to request redetermination belongs to both the plaintiff and the insurer. *Id.* at 158-159. Likewise, in *Moghis v Citizens Ins Co of America*, 187 Mich App 245, 249; 466 NW2d 290 (1991), this Court stated that the jury award of $4,000 a month was appropriate "until modified by the trial court."

In *Manley* and *Moghis*, the amount and type of benefit that the plaintiff received was clearly indicated at the trial court level, which established a basis for the plaintiff and the insurer to determine if the benefits would be reasonable and necessary in the future. The only issue to be addressed by the court in the future is whether there has been a material change in the plaintiff's physical condition, which would warrant a change in the amount of attendant-care compensation, or an increase or decrease in the cost of the services due to the passage of time.

Here, the trial court submitted the issue to the jury. However, the jury was not asked to make a specific determination regarding the future benefits that are reasonable and necessary. The jury was asked, "Is Dinah Rose entitled to treatment in the future for care related to auto accidents? (Please note future care will be overseen by the trial court)." The trial court submitted the issue of future benefits to the jury as a blanket claim, asking if plaintiff was entitled to care in the future. Contrary to *Manley* and *Moghis*, this left the trial court, instead of the jury, to determine the amount of future benefits to be awarded to plaintiff. However, whether PIP expenses are reasonable and necessary is generally considered a question of fact for the jury. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 55; 457 NW2d 637 (1990). If the jury, as in *Manley* and *Moghis*, does not specifically determine the award of future

benefits, neither the plaintiff nor the insurer can ascertain if the expenses incurred are reasonable and necessary.

We reverse the trial court's declaratory judgment and remand this case for a new trial for the jury to determine what future benefits are reasonable and necessary. The final judgment of the court should make clear that if either the insured or the insurer believes that a change in the insured's condition warrants a modification of what expenses are reasonable and necessary and if the parties are unable to agree on what are reasonable and necessary expenses, then the parties may petition the court for appropriate relief under the no-fault act. We do not retain jurisdiction.