# STATE OF MICHIGAN

# COURT OF APPEALS

CARSON FISCHER PLC,

　　　　　Plaintiff-Appellant/Cross-Appellee,

v

METTLER WALLOON LLC and LOUIS
METTLER,

　　　　　Defendants-Appellees/Cross-
Appellants.

UNPUBLISHED
May 5, 2015

No. 319361
Charlevoix Circuit Court
LC No. 11-055723-CK

Before: SAWYER, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff, Carson Fischer, PLC, first appeals as of right the trial court's February 17, 2012, order granting partial summary disposition under MCR 2.116(C)(10) in favor of defendants Louis P. Mettler and Mettler Walloon, LLC, and denying plaintiff's motion for summary disposition under MCR 2.116(C)(10). Second, plaintiff also appeals the trial court's April 4, 2012, denial of plaintiff's motion for summary disposition under MCR 2.116(C)(9) and MCR 2.116(C)(10). Lastly, plaintiff appeals the trial court's August 30, 2013, denial of plaintiff's Motion in Limine. Defendants, Louis P. Mettler and Mettler Walloon, LLC, cross appeal as of right the entry of judgment in this case. We reverse and remand.

Louis Mettler is the sole member of Mettler Walloon, LLC. Mettler Walloon, LLC, was formed for the sole purpose of holding real estate. Plaintiff performed legal services for defendants in three separate matters: the Melrose Matter, the Hughes Matter, and a 2006 Tax Appeal. Defendants partially paid plaintiff for its services in the Melrose Matter, and defendants did not pay plaintiff at all for the Hughes Matter or 2006 Tax Appeal. As a result, plaintiff filed suit against Mettler and Mettler Walloon, LLC, for breach of contract, account stated, and quantum meruit, seeking to recover the amounts due from defendants for the Melrose Matter, Hughes Matter, and 2006 Tax Appeal. In defendants' responsive pleading, Mettler denied all individual liability. Mettler Walloon, LLC, admitted that it was a party to the Melrose Matter, but it denied liability.

Plaintiff filed a motion for summary disposition under MCR 2.116(C)(10), asking the trial court to enter an order holding defendants jointly and severally liable. Defendants responded with a counter motion for partial summary disposition under MCR 2.116(C)(10),

-1-

asking the court to deny plaintiff's motion and dismiss plaintiff's claims against Louis Mettler on the Melrose Matter and Hughes Matter. The trial court denied plaintiff's motion for summary disposition and granted defendants' motion for partial summary disposition, dismissing plaintiff's claims in the Melrose Matter and Hughes Matter against Mettler individually.

After the close of discovery, plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and MCR 2.116(C)(10) to dismiss defendant's unpled affirmative defense of reasonableness. The trial court denied plaintiff's motion and allowed defendants to amend their responsive pleading to include the affirmative defense of reasonableness. Plaintiff subsequently filed a motion in limine to preclude defendants from arguing the issue of reasonableness because it is not an element in breach of contract suits and defendants had not provided an expert to testify about the reasonableness. Plaintiff's motion also sought to exclude testimony from David White, the opposing party's attorney in the Melrose Matter, and John Turner, Mettler's personal attorney, about how much White and Turner billed during the pendency of the Melrose Matter. The trial court denied plaintiff's motion, holding that plaintiff had the burden of proof to show reasonableness of the attorney fees in its case-in-chief, an expert is not required to show reasonableness of attorney fees, and White and Turner's testimony is relevant.

At the end of trial, the jury instructions stated that if the jury decided to find for plaintiff, then they must determine the amount of damages to be awarded. To determine the amount of damages, the jury was instructed to award the injured party damages naturally arising from the breach and defined damages as the sum of money required to put the injured party in as good of a position as it would have been if the contract had been fully performed. However, the verdict form given to the jury did not ask the jury to find for either party or to determine the amount of damages; instead, the form asked the jurors to determine the total reasonable amount of fees plaintiff should have charged for its services and told the jurors the amounts defendants had already paid would be subtracted later. Plaintiff objected to the proposed verdict form on the grounds that it did not characterize the proper burden or law in this case. Plaintiff's objection was overruled.

After deliberation, the jury returned a verdict form in which the jury had written the amount of damages plaintiff was seeking as its answer to the question asking what the total amount of fees was that plaintiff reasonably should have charged. Defendants subsequently sent plaintiff a proposed order of judgment claiming that the jury verdict awarded plaintiff zero. Plaintiff filed a motion for an order of judgment and argued that the jury had intended to award plaintiff the total amount of damages claimed, despite the actual language of the verdict form. Plaintiff submitted affidavits from the jury that confirmed that this was the jury's intent.

Ultimately, the trial court determined that it was clear, based on the circumstances surrounding the verdict and affidavits from the jurors, that the jurors had made a mistake when entering the amounts on the verdict form because they had failed to notice the small print that said the amount defendants had already paid would be subtracted from whatever amount the jurors decided to write on the form. Instead, the trial court held, the jury intended to award plaintiff the full amount of damages requested. Therefore, the court entered a judgment in favor of plaintiff, awarding the full amount of damages requested. This appeal and cross appeal followed.

Plaintiff first argues that the trial court erred when it denied plaintiff's motion for summary disposition to declare the defendants jointly and severally liable in the Melrose Matter, Hughes Matter, and 2006 Tax Appeal. And, plaintiff argues, the trial court further erred when it granted defendants' motion for partial summary disposition, dismissing Louis Mettler from the Melrose Matter and Hughes Matter. We agree. On appeal, a trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2 520 (2012). Summary disposition of all or part of a claim or defense may be granted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

The proper interpretation of a contract is a matter of law this Court reviews de novo. *Hamade v Sunoco, Inc*, 271 Mich App 145, 165-166; 721 NW2d 233 (2006). Whether a contract's terms are ambiguous is also a question of law this Court reviews de novo. *Id*. at 166. The primary goal in the interpretation of a contract is to honor the intent of the parties. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 473; 663 NW2d 447 (2003). As a matter of law, an unambiguous contractual provision is reflective of the parties' intent. *Quality Products and Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). Therefore, "[w]hen a contract is unambiguous, it must be enforced according to its terms." *Hamade*, 271 Mich App at 166. A contract is ambiguous when its provisions can potentially have conflicting interpretations. *Klapp*, 468 Mich at 467. An ambiguity can be either patent or latent. *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010). A patent ambiguity "appears on the face of the document, arising from the language itself, so extrinsic evidence cannot be used to identify it. *City of Grosse Pointe Park v Mich Muni Liability & Prop Pool*, 473 Mich 188, 198; 702 NW2d 106 (2005). However, "[a] latent ambiguity . . . does not readily appear in the language of a document, but instead rises from a collateral matter when the document's terms are applied or executed." *Shay*, 487 Mich at 668 (citation omitted). Extrinsic evidence is admissible to prove the existence of a latent ambiguity because "the detection of the ambiguity requires the consideration of factors outside the document itself." *Id*. (citation omitted). To verify the latent ambiguity, the extrinsic evidence must support the argument that under the circumstances of the contract's formation, the contract's language is susceptible to more than one interpretation. *Id*.

In this case, there was no ambiguity as to client identity in the 2006 Tax Appeal because the retainer agreement was addressed to both defendants, and Mettler signed the agreement both as a member of Mettler Walloon, LLC, and an individual. Further, defendants offered no argument with respect to fee liability for the 2006 Tax Appeal. Therefore, there is no genuine issue of material fact concerning whether defendants are jointly and severally liable for the 2006 Tax Appeal, and the trial court erred in denying plaintiff's motion for summary disposition regarding defendants' liability for the 2006 Tax Appeal.

In the Hughes Matter, the only evidence on the record that a contract for services existed is a letter in which Louis Mettler, individually and as a representative of Mettler Walloon, LLC, waived the right to claim plaintiff had a conflict of interest while representing defendants against Hughes. Because there is no evidence concerning the actual agreement for services, reasonable minds may differ as to whether the conflict of interest waiver proves defendants should be held

-3-

jointly and severally liable for the Hughes Matter. Therefore, there is a material issue of fact concerning defendants' liability in the Hughes Matter, and the trial court erred in granting summary disposition in favor of defendants regarding Mettler's liability for the Hughes Matter.

In the Melrose Matter, the terms of the retainer agreement are clear and unambiguous. There is no patent ambiguity. It is apparent that the term "you," as used in the agreement, is referring to Louis Mettler, to whom the agreement letter is addressed. At no point does the agreement mention Mettler Walloon, LLC, or imply that Louis Mettler was signing as a representative of Mettler Walloon, LLC. And, after viewing the admissible and relevant extrinsic evidence, it is also clear that the agreement does not contain a latent ambiguity. Extrinsic evidence of letters, invoices, and events that occurred after the formation of the agreement is not admissible to determine the parties' intent at the time the agreement was executed, and the trial court erred in considering this evidence. Therefore, there is no genuine issue of material fact concerning whether defendants are jointly and severally liable for the Melrose Matter, and the trial court erred in denying plaintiff's motion for summary disposition regarding defendants' liability for the Melrose Matter.

Plaintiff next argues that the trial court erred by denying its motion for summary disposition that sought to bar defendants from asserting reasonableness as an affirmative defense. We disagree. Plaintiff further argues that the trial court erred by denying plaintiff's motion in limine and instead holding that plaintiff was required to prove reasonableness as a prima facie element of its case. We agree.

As stated previously, a trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson*, 492 Mich at 173. Whether an issue is an affirmative defense is a question of law that is reviewed de novo. *Citizens Ins Co of America v Juno Lighting, Inc*, 247 Mich App 236, 241; 635 NW2d 379 (2001). The question of which party bears the burden of proof is a question of law that is also reviewed de novo. *Kelly v Builders Square, Inc*, 465 Mich 29, 34; 632 NW2d 912 (2001).

Defendant's argument that courts should always consider MRPC 1.5(a) when interpreting the language of a fee agreement is without merit. MRPC 1.5(a) cannot give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule. MRPC 1.0(a). The only way MRPC 1.5(a) or "reasonableness" can be introduced in the part of the case pertaining to the Melrose Matter and 2006 Tax Appeal is if defendants asserted it as an affirmative defense. *Evans v Luptak, PLC*, 251 Mich App 187, 193-195; 650 NW2d 364 (2002). An affirmative defense is a defense that does not challenge the factual merits of a plaintiff's prima facie case but which otherwise denies relief. *Harris v Vernier*, 242 Mich App 306, 314; 617 NW2d 764 (2000). "Reasonableness" or MRPC 1.5(a) is not a challenge to any of the factual merits of plaintiff's breach of contract case because there have been no disputes concerning whether the services were preformed or whether the invoices were paid. Instead, a defense of "reasonableness" or MRPC 1.5(a) is an attempt to avoid the legal effect of the contract on other grounds. Therefore, "reasonableness" and MRPC 1.5(a) are affirmative defenses.

An affirmative defense must be asserted in a responsive pleading, either as originally filed or as amended. MCR 2.111(F)(3). A defense not asserted in a responsive pleading is

-4-

waived. MCR 2.111(F). In defendants' original responsive pleading, no mention to MRPC 1.5(a) or "reasonableness" was made in the section pertaining to affirmative defenses. Accordingly, these defenses were waived unless the pleading was amended with leave from the court. In this case, leave to amend was properly given by the trial court. The trial court did not err in denying plaintiff's request for summary disposition preventing defendants from injecting the affirmative defense of "reasonableness" on the grounds that defendants waived the defense when they failed to plead it. There was no prejudice to plaintiff by allowing this defense because plaintiff was on notice that defendants did not think the invoice amounts were "fair."

However, a party asserting an affirmative defense has the burden of presenting evidence to support it. *Attorney Gen ex rel Dep't of Environmental Quality v Bulk Petroleum Corp*, 276 Mich App 654, 664; 741 NW2d 847 (2009). So while the trial court did not err in allowing defendants to assert "reasonableness" as an affirmative defense, it was an error to shift the burden of proof for the defense onto plaintiff.

Finally, plaintiff argues that the trial court abused its discretion when it admitted David White's testimony and invoices and determined that defendants were not required to provide expert testimony regarding the reasonableness of plaintiff's fees. We disagree in part. The trial court's decision whether to admit or exclude evidence is reviewed for an abuse of discretion. *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). Generally, an appellate court should defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), cert den 549 US 1206; 127 S Ct 1261; 167 L Ed 2d 76 (2007).

In this case, defendants have raised the defense of reasonableness under MRPC 1.5(a). MRPC 1.5(a) specifically states the factors that may be used to determine whether an attorney's fee is reasonable. One of these factors is "the fee customarily charged in the locality for similar legal services." MRPC 1.5(a)(3). Because White was the attorney for the opposing party in the Melrose Matter, it is substantially likely that his legal services were similar to the legal services that plaintiff supplied for defendants. Therefore, the court did not abuse its discretion by admitting the testimony and invoices of Daniel White.

Regarding expert testimony requirements, in *Lince v Monson*, 363 Mich 135, 140; 108 NW2d 845 (1961), the Court stated:

> In a case involving professional service the ordinary layman is not equipped by common knowledge and experience to judge the skill and competence of that service and determine whether it squares with the standard of such professional practice in the community. For that, the aid of expert testimony from those learned in the profession involved is required.

However, in *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190; 555 NW2d 733 (1996), this Court determined that an expert opinion to determine whether attorney fees are reasonable under MRPC 1.5(a) is not required "in relatively simple matters." *Id*. at 198. Therefore, "expert testimony is not always required to prove the reasonableness of attorney fees." *Id*. at 195.

This case does not involve relatively simple matters. Plaintiff claims that the Melrose Matter as well as the Hughes Matter and 2006 Tax Appeal involved highly technical, difficult legal issues and a significant threshold, and defendants do not dispute these claims. Therefore, defendants should be required to provide expert testimony in order to prove plaintiff's fees were unreasonable in this case. Concerning who would qualify as an expert in this case, MRE 702 states:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Therefore, testimony from an attorney with experience in similar matters, such as David White, would satisfy the expert testimony requirement in this case.

On cross appeal, defendants argue that the trial court erred when it determined that the jurors made a mistake under MRE 606(b)(3), considered juror affidavits in an attempt to ascertain the jury's intent, and did not enter a judgment in accordance with the verdict form. We agree. This Court reviews de novo the interpretation and application of a court rule. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

"Looking behind a verdict to determine if the finding is contrary to the jury's intent is directly contrary to the rule prohibiting examination of jury mental processes." *Hoffman v Monroe Pub Sch*, 96 Mich App 256, 260; 292 NW2d 542 (1980). There is one exception that states that, "affidavits and testimony of jurors may be used to challenge the verdict where the written verdict does not conform to the true verdict because of a clerical error." *Hoffman v Spartan Stores, Inc*, 197 Mich App 289, 294; 494 NW2d 811 (1992). However, "[w]here … it is claimed that the jury intended a different outcome, but no mistransmission of the verdict or clerical error occurred, the trial court should not permit alteration of the verdict. *Id*. at 295. We conclude that the clerical-error exception does not apply in this case. Just because the jurors intended a different outcome does not mean there was a clerical error. Instead of an incorrect transcription or transmission of the verdict, the asserted error in this case involves the juror's misunderstanding of the verdict form. Therefore, the trial court erred when it considered juror affidavits to look behind the verdict and determine the jury's intent.

To correct this error, defendants argue that this Court should enter a judgment in accordance with the verdict form. We disagree. Although the trial court erred when it entered a judgment in accordance with the jury's intent rather than the verdict form, the verdict form used in this case was erroneous, contradictory, and conflicting. Because the trial court ultimately entered judgment in favor of plaintiff, plaintiff does not directly raise this instructional issue on appeal. However, plaintiff objected to the verdict form at trial, preserving the issue for review. Ordinarily, this Court does not address issues not raised on appeal. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). However, this Court possesses the discretion to review a legal issue not raised by the parties. *Id*. Preserved claims of instructional error are reviewed de

novo. *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006). A claim regarding the verdict form is reviewed as a jury instruction issue. *People v Garcia*, 448 Mich 442, 483-484; 531 NW2d 683 (1995). This Court will not find error requiring reversal unless "an unlawful, erroneous, contradictory or conflicting instruction is given to a jury on an issue material to the case." *Scalabrino v Grand Trunk W R Co*, 135 Mich App 758, 766; 356 NW2d 258 (1976).

This is a breach of contract case. The jury instructions properly instructed the jurors to determine whether the plaintiff had met its burden of proof for each element of a breach of contract case and explained how to calculate damages. However, the verdict form used did not ask for a determination on any of the elements and instead asked the jurors to calculate the reasonable amount plaintiff should have charged for all of the services provided to defendants, which is completely different than the instructions for calculating damages in a breach of contract case. Therefore, the verdict form and jury instructions conflicted and contradicted each other, and the verdict form itself was erroneous because it did not ask for a determination on any of the material issues of the case. Accordingly, we find that the trial court committed an instructional error requiring reversal notwithstanding the trial court's subsequent error regarding its entry of judgment in favor of plaintiff.

In sum, the trial court's February 17, 2012 order dismissing Louis P. Mettler from the Melrose Matter and Hughes Matter is reversed and remanded in part. The trial court shall grant plaintiff's motion for summary disposition, finding Louis P. Mettler and Mettler Walloon, LLC, jointly and severally liable for the Melrose Matter and 2006 Tax Appeal. However, the Hughes Matter shall be submitted to the jury to determine liability. In addition, the issue of damages in all three matters shall be submitted to the jury. On remand, defendants shall have the burden to prove the "reasonableness" defense, and, in order to prove the "reasonableness" defense, defendants shall be required to provide expert testimony, such as the testimony of an attorney with experience in similar matters, regarding the reasonableness of plaintiff's fees.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Jane E. Markey