# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM JAMES HARDRICK,

Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellant,

and

ALLSTATE INSURANCE COMPANY,

Defendant.

UNPUBLISHED
April 14, 2016

No. 326270
Oakland Circuit Court
LC No. 2008-091361-NF

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant Auto Club Insurance Association (ACIA) appeals by leave granted[1] the trial court's order granting the motion of plaintiff, William James Hardrick, to admit evidence of a $28 an hour attendant care rate that ACIA paid Hardrick's parents after September 2009. Because the trial court failed to weigh the relative prejudicial effect and probative value of the evidence, and because the evidence's prejudicial effect outweighed its marginal probative value, we reverse.

## I. FACTUAL BACKGROUND

A prior panel of this Court stated the background facts of this case, which the parties do not dispute for the purposes of this appeal:

> In May 2007, a car struck Hardrick, then aged 19, as he walked home from work. Hardrick suffered a traumatic brain injury resulting in cognitive

---

[1] *Hardrick v Allstate Ins Co*, unpublished order of the Court of Appeals, entered September 15, 2015 (Docket No. 326270).

-1-

deficits and emotional instability. Extensive hospital-based rehabilitation yielded only minimal therapeutic gains. In 2008, Hardrick's psychiatrist recommended around-the-clock attendant care "for supervision and safety." Hardrick's parents provide the prescribed attendant care.

ACIA admitted responsibility for paying Hardrick's personal protection insurance (PIP) benefits, "consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). ACIA classified Hardrick's parents as "home health aides," and paid them a rate of $10.25 to $10.50 an hour for the attendant care they provided. Hardrick filed this lawsuit seeking a determination that his parents qualified as "behavioral technicians," entitling them to charge a higher hourly rate. Throughout the litigation, the parties disputed only the "reasonable charge" for Hardrick's parents' services. ACIA never contested the number of hours Hardrick's parents worked providing attendant care or its responsibility to pay PIP benefits.

Before trial, the circuit court determined that ACIA had violated its discovery orders by providing belated and incomplete responses to discovery requests. Hardrick pursued a default judgment, but the court opted to impose a "lesser sanction." The court precluded ACIA from presenting any witnesses or evidence. As a result, ACIA was limited to cross-examining Hardrick's witnesses and challenging his proffered evidence. [*Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 656-657; 819 NW2d 28 (2011).]

The jury awarded Hardrick attendant-care services at a rate of $28 an hour. *Id*. at 655. This Court determined that the trial court abused its discretion by imposing a discovery sanction that was, in effect, even harsher than a default judgment. *Id*. at 661-662. This Court vacated the judgment and remanded for further proceedings. *Id*. at 681.

On remand, the trial court determined that "the period of the dispute in this case shall end on the date of the original jury verdict; any post-period disputes shall not be litigated in this matter." The parties have remained in active litigation since this Court's remand, and Hardrick moved to admit evidence that ACIA paid a $28 an hour rate to Hardrick's parents for attendant care after September 2009. ACIA responded that the $28 an hour rate was based solely on the jury's award in September 2009, and that it paid the award amount to avoid further litigation and potential penalty interest. ACIA also contended that admitting the evidence would be unfairly prejudicial because it would perpetuate the prior, unfair verdict into the new trial, and because ACIA would have to respond to the evidence with a lengthy explanation for why it was paying $28 an hour. In response, Hardrick argued that ACIA continued to pay $28 an hour even after this Court vacated the jury's verdict.

The trial court ruled that the $28 an hour figure was relevant and that its prejudicial effect did not substantially outweigh its probative value. Regarding the parties' arguments concerning the relative probative value and prejudicial effect of the evidence, it stated,

[t]he juries aren't stupid, they can see through arguments on both sides and make a determination of whether or not the twenty-eight dollars is worth anything, and it's not appropriate for this court to preclude that information from them, because I think that there has been a prima facie showing that it's relevant and to the extent that the parties want to argue about its weight, I think that it is well within the reasoned decision making of the jury to make an evaluation of that evidence, and therefore, I will admit it.

## II. STANDARD OF REVIEW

The trial court may answer preliminary questions concerning the admissibility of evidence. MRE 104(A). This Court reviews for an abuse of discretion preserved challenges to the trial court's evidentiary rulings. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*. The trial court also abuses its discretion when it erroneously applies the law. *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). This Court reviews de novo the preliminary questions of law surrounding the admission of evidence, such as whether a rule of evidence bars admitting it. *Dep't of Transp v Frankenlust Lutheran Congregation*, 269 Mich App 570, 575; 711 NW2d 453 (2006).

## III. ANALYSIS

First, ACIA contends that the trial court erred when it determined that the evidence was relevant under MRE 401 and 402. We disagree.

The trial court may only admit relevant evidence. MRE 402. Relevant evidence is evidence that has any tendency to make a fact of consequence more or less probable. MRE 401; *Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 731; 761 NW2d 454 (2008). Evidence is relevant and material if it is offered to prove or disprove a matter at issue in the case. *Id*. The evidence need not directly prove or disprove an element of the plaintiff's claim to be material, it need only be a fact of consequence to the action. *Id*. This is a minimal threshold; the evidence need not provide conclusive proof or be sufficient in any way. *Hardrick*, 294 Mich App at 668.

Under the no-fault act, an insurer is liable to pay benefits for bodily injuries arising out of the use of a motor vehicle. MCL 500.3105(1). These expenses are limited to "allowable expenses." MCL 500.3107(1)(a). To be an allowable expense

> (1) the expense must be for an injured person's care, recovery, or rehabilitation, (2) the expense must be reasonably necessary, (3) the expense must be incurred, and (4) the charge must be reasonable. [*Douglas v Allstate Ins Co*, 492 Mich 241, 259; 821 NW2d 472 (2012).]

Generally, the compensation that a caregiver actually received for provided attendant care services "is highly probative of what constitutes a reasonable charge for her services." *Douglas*, 492 Mich at 277.

In this case, the amount it was reasonable for Hardrick's attendant caretakers to charge was a fact of consequence because it is an element of whether those charges are allowable expenses. ACIA actually paid Hardrick's caregivers $28 an hour, even after this Court vacated the invalid jury verdict in April 2011. Regardless of its reasons for continuing to do so, this was an amount that Hardrick's caregivers actually received. We conclude that the evidence is probative because it is an amount that ACIA voluntarily paid and that the caregivers actually received for attendant care. See *Douglas*, 492 Mich at 277. However, under the circumstances of this case, we conclude that the evidence is not *highly* probative.

The amount that ACIA paid the caregivers in April 2011 is attenuated from the issues at trial by both time and circumstance. While the remoteness of an act does not affect the admissibility of the evidence, it does affect its weight. See *People v Yost*, 278 Mich App 341, 405; 749 NW2d 753 (2008). The disputed time at issue is May 2007 to September 2009, and the amount of compensation that Hardrick's caregivers were actually receiving *at that time* was between $10.25 and $10.50 an hour. The $28 an hour figure does not reflect what Hardrick's caregivers actually received at the time at issue in this case.

The amount also does not reflect what ACIA thought was reasonable for services; it reflected what the jury thought was reasonable after an unfair process. It is unclear whether ACIA was required to continue to pay $28 an hour after this Court vacated the jury verdict, but changing the amount might have required ACIA to engage in additional litigation,[2] and may have subsequently entitled Hardrick to penalty interest.[3] While Hardrick contends that he is not arguing estoppel, that is not the point—the point is that ACIA did not choose the $28 an hour figure and, had ACIA changed the rate at which it was paying the Hardricks, it may have required or prompted further litigation. This tends to make the $28 an hour figure less probative.

We conclude that the trial court did not err by concluding that the evidence was relevant under MRE 401 and 402. Because of the circumstances of this case, the evidence is only marginally probative. But even so, marginally probative evidence is relevant and admissible under MRE 401 and 402. See *Morales*, 279 Mich App at 731; *Hardrick*, 294 Mich App at 668.

---

[2] "[A]bsent some evidence that there has been a substantial change in facts and circumstances, the trial court would be acting within its discretion to refuse to set the matter [of whether a reduced attendant care rate would be reasonable] down for a further evidentiary hearing." *Manley v Detroit Auto Inter-Ins Exchange*, 425 Mich 140, 159; 388 NW2d 216 (1986). While either party may move for a redetermination of future expenses on the basis of a change in circumstances, the jury award is appropriate until the trial court modifies it. *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 295; 732 NW2d 160 (2006).

[3] "Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). The rate of interest on an overdue payment is 12% per annum. MCL 500.3142(3). Additionally, in a no-fault action, a prevailing plaintiff is entitled to attorney fees if the insurer unreasonably refused to pay a claim. MCL 500.3148; *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 635; 552 NW2d 671 (1996).

Second, ACIA contends that even if the evidence is relevant, its prejudicial effect substantially outweighs its probative value and MRE 403 bars admitting it. We agree. We conclude that the trial court erred when it did not explain its conclusions regarding the relative weights of the prejudicial effect and probative value, but instead left this issue to the determination of the jury. Additionally, we conclude that the prejudicial effect of the evidence substantially outweighs its probative value.

MRE 403 provides that, even if evidence is relevant, the trial court may not admit it if the danger of its prejudicial effect substantially outweighs its probative value. The prejudicial effect of the evidence substantially outweighs its probative value when evidence is only marginally probative and there is a danger that the trier of fact may give it undue or preemptive weight. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). To determine this, the court must weigh the evidence's probative value against the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or presenting cumulative evidence. MRE 403; *Rock v Crocker*, 308 Mich App 155, 173; 863 NW2d 361 (2014).

The trial court has the best opportunity to contemporaneously assess the relative weight of the evidence's probative value and prejudicial effect. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). When considering an evidentiary challenge under MRE 403, the trial court should explain its conclusions concerning those weights. *Crawford*, 458 Mich at 398.

The trial court ruled that the evidence did have "some probative value" and that the prejudicial effect of the evidence did not outweigh its probative value. However, the trial court did not explain this conclusion. It did not even address ACIA's prejudicial effect arguments, instead determining that, "to the extent that the parties want to argue about its weight, I think that's well within the reasoned decision making of the jury to make an evaluation of that evidence . . . ." However, the trial court, not the jury, was required to determine the relative weight of the prejudicial effect of the evidence as an initial matter. See *Crawford*, 458 Mich at 398. Our review indicates that two of ACIA's arguments regarding the prejudicial effect of the evidence have merit.

First, the evidence is inherently prejudicial. Evidence of a prior verdict is prejudicial because it creates the possibility that the jury will defer to the earlier result rather than deciding the case on the evidence before it. *Coleman Motor Co v Chrysler Corp*, 525 F2d 1338, 1351 (CA 3, 1975); *Engquist v Oregon Dep't of Agriculture*, 478 F3d 985, 1009-1010 (CA 9, 2007).[4] Hardrick's argument that the $28 an hour figure does not require any reference to the prior verdict is unpersuasive. The $28 an hour figure was inextricably tied to the previous, unfair jury verdict because it was the rate the jury awarded, and ACIA began paying the rate immediately

---

[4] While not binding, federal authority may be persuasive when the language of the federal analogue is similar. *Garg v Macomb Co Comm Mental Health Servs*, 472 Mich 263, 283; 696 NW2d 646 (2005). Michigan relevance rules and federal relevance rules are similar, and Michigan courts have looked to federal precedent to interpret Michigan relevance rules. See *People v VanderVliet*, 444 Mich 52, 68, 74-75; 508 NW2d 114 (1993) (considering federal authority when interpreting MRE 404(b), which concerns the relevance of prior acts evidence).

after the verdict. Allowing Hardrick to present evidence that is so closely tied to an unfair verdict creates the possibility that the new jury will rely on the flawed verdict.

Second, the evidence is prejudicially time-consuming and confusing because its admission will require ACIA to present extensive evidence on extraneous issues to explain the figure. Evidence has the potential to mislead and confuse the jury when it leads to a "minitrial" on an extraneous issue, such as when the opposing party must respond to marginally probative evidence with witnesses and proofs well outside of facts material to the issues. *Rock*, 308 Mich App at 173-174. In this case, the evidence is only marginally probative and to adequately explain it will require ACIA to substantially depart from the crucial fact at issue, which is the reasonableness of the attendant care rate from May 2007 to September 2009. ACIA would have to call witnesses to talk about the previous trial and appeal process to explain why it began paying the $28 an hour rate and why it continued paying it after the appeal. This would require ACIA to explain concepts of estoppel and no-fault penalty interest that have little to do with what rate was reasonable for attendant care services from May 2007 to September 2009. This is particularly inefficient when nothing prevents Hardrick from offering the same evidence that it offered at the first trial.

We conclude that the trial court erred by failing to explain its conclusions regarding the relative weight and probative value of the evidence. The trial court's decision to admit the evidence fell outside the range of reasonable outcomes because in this case, the evidence was only marginally probative and the dangers of the evidence—including that the jury would give the evidence undue weight and that it would lead to a confusing minitrial on extraneous issues— were high.

We reverse and remand. As the prevailing party, ACIA may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien