*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

APRIL MENTEL,

Plaintiff-Appellant,

v

EMERGENT HEALTH PARTNERS, INC.,
MONROE COMMUNITY AMBULANCE, and
MATTHEW LEONARD VOGGENREITER,

Defendants-Appellees.

UNPUBLISHED
March 10, 2022

No. 355788
Monroe Circuit Court
LC No. 19-142044-NI

Before: JANSEN, P.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in defendants' favor. The trial court concluded that defendants were immune from liability under MCL 333.20965(1) of the emergency medical services act (EMSA), MCL 333.20901 *et seq.* We reverse and remand for further proceedings.

## I. BACKGROUND FACTS

This case arises from an automobile accident involving plaintiff and defendant, Matthew Leonard Voggenreiter. Voggenreiter was employed by defendants Emergent Health Partners, Inc. and Monroe Community Ambulance as a paramedic and ambulance driver. On the morning of the accident, Voggenreiter responded to a "priority one" call from dispatch regarding a cardiac arrest emergency at a nearby dialysis center. After receiving the dispatch call, Voggenreiter turned on the ambulance's lights and sirens, and drove toward the location of the cardiac arrest.

Traveling southbound, Voggenreiter encountered vehicles in both southbound lanes. Voggenreiter maneuvered the ambulance into the center turn lane, but observed plaintiff's vehicle stopped in that lane. Because both southbound and the center turn lanes were blocked by vehicles, Voggenreiter moved the ambulance into the northbound lane, which was clear. Plaintiff turned her vehicle left as the ambulance attempted to pass plaintiff's vehicle on the left. The two vehicles collided, causing substantial damage to plaintiff's vehicle.

-1-

Plaintiff filed a negligence claim against defendants. Defendants moved for summary disposition arguing, among other things, entitlement to immunity under provisions of the EMSA. The trial court concluded that defendants were immune under the EMSA and granted summary disposition in their favor. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. EMSA IMMUNITY

Plaintiff argues the trial court erroneously concluded that defendants were entitled to immunity under EMSA. We agree.

## A. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is review de novo. *Bartalsky v Osborn*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349317); slip op at 2. Defendants moved for summary disposition, in part, under MCR 2.116(C)(7).

> MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties. This Court must consider all well-pleaded allegations as true and construe them in favor of the nonmoving party. If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law. [*Grahovac v Munising Twp*, 263 Mich App 589, 591; 689 NW2d 498 (2004) (quotation marks and citations omitted).]

"This Court reviews de novo the proper interpretation of a statute." *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006). Specifically:

> The primary goal of statutory interpretation is to give effect to the intent of the Legislature. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. A court may go beyond the statutory text to ascertain legislative intent only if an ambiguity exists in the language of the statute. But a statutory provision is ambiguous only if it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning. Words and phrases used in a statute should be read in context with the entire act and assigned such meanings as to harmonize with the act as a whole. [*Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 551-552; 909 NW2d 495(2017) (quotation marks and citations omitted).]

## B. LAW AND ANALYSIS

Relevant to this issue are the immunity provisions under MCL 333.20965(1), which provide, in relevant part:

> (1) Unless an act or omission is the result of gross negligence or willful misconduct, the acts or omissions of a medical first responder, emergency medical

technician, emergency medical technician specialist, paramedic, medical director of a medical control authority or his or her designee, or, subject to subsection (5), an individual acting as a clinical preceptor of a department-approved education program sponsor while providing services to a patient outside a hospital, in a hospital before transferring patient care to hospital personnel, or in a clinical setting that are consistent with the individual's licensure or additional training required by the medical control authority including, but not limited to, services described in subsection (2), or consistent with an approved procedure for that particular education program do not impose liability in the treatment of a patient on those individuals or any of the following persons:

* * *

(d) The life support agency or an officer, member of the staff, or other employee of the life support agency.

MCL 333.20965(1) sets forth several conditions that must be satisfied for a defendant to enjoy immunity under the EMSA. First, a defendant must meet one of the listed occupations. MCL 333.20965(1). Second, the alleged wrongful act or omission must have occurred in a particular location—specifically, "outside a hospital, in a hospital before transferring patient care to hospital personnel, or in a clinical setting . . . ." MCL 333.20965(1). Third, the injury must have occurred "while providing services to a patient." MCL 333.20965(1). The fourth condition describes the nature of the protection, immunizing defendants from actions taken "in the treatment of a patient." MCL 333.20965(1). At issue in this appeal is the fourth condition—specifically, whether defendants' emergency response to the cardiac arrest emergency constitutes "the treatment of a patient" under the EMSA.

This Court recently addressed the application of MCL 333.20965(1) in *Bartalsky*, ___ Mich App at ___; slip op at 1, and is applicable to the instant case. The *Bartalsky* defendants, two emergency medical technicians (EMTs), were tasked with transporting the plaintiff from the hospital to a rehabilitation facility. *Id*. at ___; slip op at 2. The EMTs were pushing the plaintiff's stretcher in the hospital parking lot when the stretcher tipped over, injuring the plaintiff. *Id*. at ___; slip op at 2. The issue in *Bartalsky* was "whether 'transportation' alone—emergency or otherwise—qualifies for immunity under MCL 333.20965(1) of the EMSA." *Id*. at ___; slip op at 4. In answering this question, this Court concluded that the "treatment" of a patient is distinct from the "transport" of a patient. *Id*. at ___; slip op at 7. Because the defendants were solely "transporting" a patient, but not providing the patient any "treatment," this Court concluded that the immunity for negligent acts or omissions under MCL 333.20965(1) did not apply to the claims against the defendants. *Id*. at ___; slip op at 7.

The *Bartalsky* defendants claimed entitlement to immunity because they were actively transporting a patient at the time of the injury. *Id*. at ___; slip op at 4. However, this Court rejected this contention, concluding that "[u]nder the EMSA, a covered individual must be, among other things, engaged 'in the treatment of a patient' for the immunity provision to apply." *Id*. at ___; slip op at 7.

The defendants' actions are even more removed from the treatment of a patient than the defendant's conduct in *Bartalsky*. In the instant case, defendants were not transporting a patient at the time of the injury. Rather, defendants were responding to an emergency call. If a defendant is not immune when they are solely transporting a patient, then defendants cannot be shielded on the basis of immunity for actions taken on their way to pick up a patient. The trial court granted defendants' motion for summary disposition because defendants were "responding to an emergency." However, under *Bartalsky*'s reasoning, mere response is not enough. Rather, there must be some sort of treatment being provided to a patient. *Id*. at ___; slip op at 7. Defendants were not providing "treatment" within the meaning of the EMSA because there was no patient present. Therefore, the trial court erred by concluding that defendants were entitled to immunity under MCL 333.20965(1).[1]

Having concluded that defendants were not entitled to immunity under MCL 333.20965(1) because they were not providing treatment to a patient at the time of the accident, we need not consider plaintiff's other two arguments (1) that defendants are not immune because plaintiff was not Voggenreiter's patient; and (2) the trial court erred in finding there was no genuine dispute of fact as to whether Voggenreiter was grossly negligent.

Reversed and remanded for consideration of whether defendants are entitled to summary disposition on the basis of ordinary negligence. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[1] Although defendants assert that we should not rely on *Bartalsky*, ___ Mich App at ___; slip op at 1, in deciding this appeal, we are bound by this Court's published opinions. MCR 215(C)(2).