*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRIAN LINDSTROM, CRAIG LICHTERMAN,
and SARAH LICHTERMAN,

        Plaintiffs-Appellees,

v

KAREN SCELONGE, KEVIN NORA, KERRY
JANQUART, CURTIS VANDUSEN, SANDRA
MEIER, CHRISTOPHER CAMPBELL, CORRINE
JOHNSON, ANTHONY GRANQUIST, MARK
GRANQUIST, KRISTI SCHABO, DIANE
SCHABO, JOHN PHILLIPS, Trustee of the
PHILLIPS FAMILY TRUST, DONNA PHILLIPS,
Trustee of the PHILLIPS FAMILY TRUST, DAVID
FLORENCE, and RICHARD FLORENCE,

        Defendants-Appellants.

UNPUBLISHED
May 01, 2025
2:06 PM

No. 367032
Dickinson Circuit Court
LC No. 2022-020819-CZ

---

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

This case concerns seven contiguous parcels of real property on the bank of the Menominee River in Michigan's Upper Peninsula. A privately-constructed road spans all seven parcels and provides access to the riverbank. Each parcel is subject to an easement permitting access to the road.[1] Plaintiffs filed the instant action seeking a declaratory judgment establishing their right to relocate a portion of the road in order to accommodate the construction of a home. Following a bench trial, the trial court entered a declaratory judgment in plaintiffs' favor. Defendants now appeal by right, arguing in part that the trial court erred by granting plaintiffs' request for declaratory relief because there was no longer an actual controversy before the court on the date it

---

[1] The record contains some but not all relevant deeds. Although some of the deeds indicate that the easements permit general public access to the road, defendants seem to suggest that they hold private easement rights. Regardless, the parties do not dispute that the easements exist.

entered its declaratory-judgment order, thereby rendering the case moot. We agree and, for that reason, vacate the trial court's declaratory-judgment order and remand for further proceedings.

## I. BACKGROUND

The parcels of real property at issue are situated between the bank of the Menominee River and a county road. Together, they make up what was formally a single parcel of real property. In the late 1950s, a previous landowner subdivided the property into seven parcels, designated them as Lots 1 through 7 numbered from west to east, and sold them. The county road runs roughly parallel to a ridgeline spanning each lot. From the ridgeline, there is a steep drop-off of roughly 50 vertical feet to the riverbank. The road at issue branches off from the county road, spans each lot, and provides access to the riverbank. The road begins on the easterly portion of Lot 7 and extends westward across each remaining lot. Each lot is subject to an easement permitting access to the road. Defendants, the owners of Lots 1 through 6, have historically used the road to access and transport recreational vehicles to the riverbank.

In March 2022, Brian Lindstrom contracted to sell Lot 7 to Sarah and Craig Lichterman. The Lichtermans planned to build a new home on Lot 7, and the contracting parties agreed to condition the sale upon the Lichtermans' right to relocate a portion of the road to accommodate the construction of the home. In June 2022, plaintiffs filed suit seeking a declaratory judgment establishing their right to relocate a portion of the road in order to accommodate the construction of the home. Defendants opposed plaintiffs' request for declaratory relief on multiple bases, including that the road could not feasibly be relocated in a manner enabling individuals to safely descend the ridge and access the riverbank. Plaintiffs countered that they could feasibly relocate the road so as to allow individuals to safely descend the ridge and access the riverbank, and Lot 7 could not be built upon unless a portion of the road was moved.

In January 2023, the trial court held a bench trial. After the parties presented proofs, the trial court held that plaintiffs or their successors in interest were entitled to relocate a portion of the road, and plaintiffs were entitled to declaratory relief on that basis. The trial court found that Lot 7 was "unbuildable" unless a portion of the road was relocated, and plaintiffs could feasibly relocate a portion of the road as proposed. Upon balancing the equities, the trial court concluded that plaintiffs' interest in relocating a portion of the road in order for the Lichtermans to build a home on Lot 7 outweighed the inconvenience that the road's relocation would impose upon defendants. The trial court directed plaintiffs to prepare and file a proposed construction plan for approval. It also directed plaintiffs to prepare and file a proposed order for entry.

But plaintiffs never filed a proposed order for entry. Rather, in July 2023, they moved to voluntarily dismiss the case without prejudice. Plaintiffs asserted that the Lichtermans decided to build their home on the portion of Lot 7 that was previously intended to accommodate the relocated portion of the road. They explained that the Lichtermans did not wish to wait until the conclusion of the trial court proceedings and potential appellate process before beginning construction and concluded that dismissal without prejudice was warranted. Defendants opposed plaintiffs' motion. They argued that the litigation affirmed their easement rights, and plaintiffs' proposed voluntary dismissal was prejudicial because it could force defendants to relitigate the same issue in the future.

The trial court denied plaintiffs' motion for voluntarily dismissal and instead entered an order effectuating its factual findings and legal conclusions articulated during the bench trial. In doing so, the trial court granted declaratory relief in plaintiffs' favor. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews a trial court's findings of fact following a bench trial for clear error and reviews de novo the trial court's conclusions of law." *Trader v Comerica Bank*, 293 Mich App 210, 215; 809 NW2d 429 (2011). "A factual finding is clearly erroneous if there is no substantial evidence to sustain it or if, although there is some evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 172-173; 848 NW2d 95 (2014) (citation omitted). "Questions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion." *Equity Funding, Inc v Milford*, 342 Mich App 342, 348; 994 NW2d 859 (2022) (quotation marks and citation omitted). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "The applicability of a legal doctrine, such as mootness, is a question of law which this Court reviews de novo." *Can IV Packard Square v Packard Square LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks and citation omitted).

## III. LAW AND ANALYSIS

On appeal, defendants argue that the trial court erred by granting plaintiffs' request for declaratory relief because there was no longer an actual controversy before the court on the date it entered its declaratory-judgment order, thereby rendering the case moot. We agree.

A trial court's authority to hear and decide an action for declaratory judgment is governed by court rule. MCR 2.605(A) provides as follows:

> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

> (2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

In *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006), this Court explained the purpose of declaratory relief as follows:

> The purpose of a declaratory judgment is to enable the parties to obtain adjudication of rights before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract, or to avoid multiplicity of

actions by affording a remedy for declaring in expedient action the rights and obligations of all litigants.

To prevail on a claim for declaratory relief under MCR 2.605, the plaintiff must establish that there is "a case of actual controversy" within the court's jurisdiction and that they are "an interested party seeking a declaratory judgment." See MCR 2.605(A). See also *Mich Republican Party v Donahue*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 12.

Defendants argue that the trial court did not have authority to grant a declaratory judgment because the issue was rendered moot after plaintiffs abandoned their plans to relocate a portion of the road, leaving no actual controversy before the court. "The existence of an 'actual controversy' is a condition precedent to the invocation of declaratory relief." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 127; 715 NW2d 398 (2006). When deciding a request for declaratory relief, "courts are not precluded from reaching issues before actual injuries or losses have occurred." *UAW v Central Michigan Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). However, "there still must be a present legal controversy, not one that is merely hypothetical or anticipated in the future." *League of Women Voters v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020). "An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011). "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *UAW*, 295 Mich App at 495 (quotation marks and citation omitted). "The requirement prevents a court from deciding hypothetical issues." *Id*.

"MCR 2.605 does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *Id*. An issue is moot when a judgment, "for any reason, cannot have any practical legal effect upon a then existing controversy." *League of Women Voters*, 506 Mich at 580. In *T & V Assoc, Inc v Dir of Health & Human Servs*, ___ Mich ___, ___ (2024) (Docket No. 165998); slip order at 2, our Supreme Court explained as follows:

> A moot case seeks to get a judgment on a pretended controversy, when in reality there is none, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. In other words, a case is moot when it involves nothing but abstract questions of law which do not rest upon existing facts or rights. [Quotation marks and citation omitted.]

A "court may not decide moot questions in the guise of giving declaratory relief . . . ." *PT Today, Inc*, 270 Mich App at 127 (quotation marks and citation omitted).

The moment that plaintiffs informed the trial court that they no longer planned to relocate a portion of the road, there was no longer an actual legal controversy before the court. Months after the trial concluded, but before the trial court reduced its ruling to a written order, plaintiffs moved to voluntarily dismiss the case without prejudice. In their motion for voluntary dismissal,

plaintiffs asserted that the Lichtermans decided to build their home on the portion of Lot 7 that was previously intended to accommodate the relocated portion of the road. They explained that the Lichtermans did not wish to wait until the conclusion of the trial court proceedings and potential appellate process before beginning construction. Therefore, the trial court's declaratory-judgment order could no longer have any practical legal effects upon the existing controversy. In the absence of an actual plan to relocate a portion of the road, the interests of the parties were no longer adverse, and no declaratory judgment was necessary to guide their future conduct. The parties wished to maintain the road's then-existing construction, thereby rendering the legal dispute hypothetical. By granting declaratory relief in plaintiffs' favor, the trial court erroneously granted relief in relation to a moot issue. See *T & V Assoc, Inc*, ___ Mich at ___; slip order at 2 ("It is well established that a court will not decide moot issues." (quotation marks and citation omitted)).

We, therefore, vacate the trial court's declaratory-judgment order and remand for entry of an order granting plaintiffs' motion for voluntary dismissal. We do not retain jurisdiction.


/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado